# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## ANTHONY D. FORSTER v. STATE OF TENNESSEE

**Criminal Court for Davidson County**
**No. 200-B-1181**

---

**No. M2004-00452-CCA-R3-PC - Filed July 22, 2005**

---

## ORDER

In an opinion filed June 24, 2005, this court affirmed the trial court's dismissal of the petitioner's petition for post-conviction relief, concluding that the single issue presented in the petition, whether the waiver of the right to counsel was voluntary, had been previously determined by this court on direct appeal. On July 11, 2005, the petitioner, Anthony Forster, filed a petition to rehear pursuant to Tennessee Rule of Appellate Procedure 39. He complains that this court misapprehended a material fact and that this court ruled on an issue upon which the parties had not been heard. He asserts that this court erred by concluding that the issue had been previously determined because the propriety of this court's opinion on direct appeal had not been addressed. Further, he contends that the parties were not heard on the issue because the state in its brief asserted that the issue had been waived and did not address the merits of the claim.

The claim presented by the petitioner in his original petition for post-conviction relief was that his waiver of the right to counsel was not voluntary. As noted in this court's opinion, this issue was decided by this court in the petitioner's direct appeal. State v. Anthony D. Forster, M2002-00008-CCA-R3-CD (Tenn. Crim. App., at Nashville, Apr. 1, 2003), slip op. at 7-8, 10-11. If the petitioner intended to contest the propriety of that decision, the proper avenue would have been through an application for permission to appeal to our supreme court, see Tenn. R. App. P. 11, and not a petition for post-conviction relief.

Finally, the petitioner's claim that the parties were not heard is without merit. Both the petitioner and the state were given the opportunity to address the claim on direct appeal and on appeal of the dismissal of the post-conviction petition. That the state asserted that the claim had been waived does not mean that they were not heard.

Accordingly, the petition to rehear is DENIED.

PER CURIAM